IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 24-CR-00251-RMR

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1. RONALD KING,
2. VICTOR ROITER,
3. TINA WELLMAN,
4. ADAM SHORR,
5. ROBERT O'SULLIVAN,
6. BRADLEY EDSON, and
7. JOHN GAUTEREAUX,

       Defendants.

**PROPOSED PROTECTIVE ORDER**

THIS MATTER comes before the Court on the Government's Unopposed Motion for Protective Order. Pursuant to Federal Rule of Criminal Procedure 16(d)(1) and for good cause shown,

IT IS HEREBY ORDERED AS FOLLOWS:

1. The following information is "Protected Information" subject to this Order: (1) personal identifying information produced in this case, including dates of birth, government-issued identification numbers, employer or taxpayer identification numbers, addresses, phone numbers, and financial account information, and (2) individually identifiable health information,

1

consisting of information that relates to the past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care provided to an individual.

2. Protected Information produced to the Defendants in this case may be disclosed only to defense counsel and their staff, associates, or agents; the Defendants (subject to the conditions set forth in paragraph 7); and any retained defense experts or investigators (subject to the conditions set forth below).

3. Third parties contracted by the United States to provide expert analysis or testimony may possess Protected Information as necessary to perform work related to the case.

4. Any person who is provided access to or possession of Protected Information shall maintain the Information in strict confidence and may use the Protected Information exclusively in connection with this case, and for no other purpose.

5. Any person who obtains access to or possession of Protected Information shall promptly destroy or return such information once the person no longer requires access to or possession of the information to perform work related to the case.

6. Counsel shall ensure that all persons who receive the Protected Information are provided a copy of and read the Court's order and are informed of their responsibility to use the information only as permitted by this Order, to safeguard the information, and to protect it from further dissemination.

7. No Defendant may possess a copy of any discovery, including Protected Information, if in custody. If the Defendant is not in custody, defense counsel may provide the

Defendant a copy of discovery that contains Protected Information, but any such copy must be provided either: (1) on physical, electronic storage media that is encrypted and/or password-protected, or (2) via an online file-sharing or discovery platform that the Defendant may access only with a unique password.

    a.    The Defendant may not make any copies of nor distribute any portion of the discovery.

    b.    The Defendant may not share the means of access (encryption key or password) to the discovery with any other person, nor store such information in a place where others may access it. The discovery must remain encrypted and/or password protected while in the Defendant's custody.

    c.    The Defendant may not remove nor store Protected Information outside of the two methods allowed for by this paragraph.

    d.    The Defendant may not access the discovery containing Protected Information in any public place.

    e.    If the Defendant is provided Protected Information on physical media, the Defendant must store this physical media at the Defendant's place of residence and keep the media secure.

    f.    The Defendant may not take notes containing Protected Information in any format that would not be stored on the encrypted and/or password protected media or on the password-protected system.

    g.    The Defendant may use the discovery in this case solely for purposes of

this case and may not retain any copies of discovery or Protected Information after the conclusion of this case and of any direct appeals.

    h.    The Defendant may not allow any other person to view the discovery materials containing Protected Information that are provided to the Defendant or to which the Defendant has access.

    i.    If a third-party obtains access to any Protected Information provided to the Defendant, the Defendant shall immediately inform defense counsel.

    j.    If defense counsel has reason to believe the Defendant has violated any portion of this protective order, whether intentionally or unintentionally, defense counsel shall inform the Court within 24 hours and shall take all necessary steps to recover the Protected Information.

    k.    Upon entry of a final judgment in this case and the conclusion of any direct appeals, counsel will collect copies of any discovery distributed to the Defendant and shall withdraw access to any password-protected platforms to which the Defendant has been provided access.

8.    If a document containing Protected Information is filed with the Court, the filing party must either redact the Protected Information from the Document or, if the Protected Information is material to the Court's determination, shall file the document as restricted at Level 3. The Clerk shall accept for filing as restricted any such filings by the parties without the filing of a separate motion to restrict.

9.      Upon entry of a final judgment in this case and the conclusion of any direct appeals, counsel (1) will collect or ensure the destruction of the Protected Information from all authorized persons to whom that information has been disclosed, and (2) defense counsel shall maintain any Protected Information only as required by document retention policies or professional legal obligations, and shall maintain any such information in a secure manner as part of the case file and for use only in connection with this case.

10.     The order does not constitute a ruling on the question of whether any particular material is discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

DATED this _____ day of September, 2024.

BY THE COURT:

_____

Hon. Regina M. Rodriguez
United States District Judge
District of Colorado