**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 24-cr-00251-RMR

UNITED STATES OF AMERICA,

      Plaintiff,

      v.

1. RONALD KING,
2. VICTOR ROITER,
3. TINA WELLMAN,
4. ADAM SHORR,
5. ROBERT O'SULLIVAN,
6. BRADLEY EDSON, and
7. JOHN GAUTEREAUX,

      Defendants.

---

**JOINT STATUS REPORT**

---

    Pursuant to the Court's September 18, 2024, Order (ECF No. 90), the parties respectfully submit this joint report regarding the status of discovery, defense investigation, pretrial motions, and trial date.

<u>Status of Discovery</u>

    The discovery in this case is voluminous and the United States has been making rolling productions of the discovery since September. The United States made its most recent production on November 13, 2024. To date, the discovery includes:

1. Approximately 482,000 documents received from third parties in response to subpoenas (including large e-mail and business records productions from Tesis and the Billing Company).

2. Voluminous data extractions from electronic evidence items (including cell phones and computers) seized pursuant to search warrants executed at Defendant King's home and office, Defendant Roiter's home, and Defendant Shorr's home.

3. Documents seized from the Tesis laboratory location located in Colorado pursuant to a search warrant.

4. Approximately 100,000 e-mails (with attachments) seized from e-mail search warrants executed on e-mail accounts for Defendant Shorr and the Tesis e-mail accounts for Defendants King and Roiter. (Note, however, that many of these e-mails are duplicative of e-mails produced by Tesis as noted in item 1).

5. Investigative reports from the Federal Bureau of Investigation, the Department of Health and Human Services, Office of Inspector General – Criminal Investigations, and the Internal Revenue Service – Criminal Investigations.

The foregoing constitutes the substantial majority of discovery available to be produced at this time. Additional items that will be produced in discovery going forward are:

1. Recorded calls stored on Defendant King's phone. There are more than 11,000 recorded calls. These calls are subject to the U.S. Attorney's Office's filter review to ensure that the government does not invade the attorney-client privilege. The

2

filter review is ongoing, and calls are being produced as they are made available to the prosecution team, reviewed, and identified as relevant. It is unlikely that all of these calls are pertinent to this case, but the government will not know until recordings are released from the filter team and reviewed. Three hundred and eighty-one calls have been produced to date. Based on review of the phone numbers associated with the recorded calls and the filter team's application of search terms to automated transcriptions of the calls, the government estimates that between 1,500 and 3,100 of those calls will need to be reviewed by the filter team and the investigation team.

2. Data from computers seized from the Tesis laboratory in Colorado. These items were also subject to the filter review and were only recently released to the prosecution team. When review of the data to identify items under the search warrant is complete, any responsive items will be produced. These are expected to be voluminous but also potentially duplicative of information already produced.

3. Reports of investigation that are processed on an ongoing basis.

4. A smaller set of third-party records being processed into discovery.

Given the volume of discovery and its ongoing production, all defendants will be requesting significant additional time to analyze discovery.

Defense Investigation

Defendants provide the following information:

Given the volume of discovery, the complexity of the case, and the relatively recent appointments of CJA counsel for Defendants King and Gautereaux, the defense

3

investigation, particularly for Defendants King and Gautereaux, is still in the early development stage. For example, in order to review the bulk of discovery, CJA counsel have had to utilize a program called Case Point (offered at no charge by Defender Services). The process for getting the discovery loaded onto Case Point and teaching CJA counsel and their staff how to use the program has proven already to be very time consuming. As a result, only quite recently have said counsel and their staff been able effectively to begin reviewing the massive amount of discovery in this case. All counsel need substantially more time to conduct an effective investigation of this case.

The defendants are moving forward with defense investigation. That includes contacting past counsel for Tesis and attempting to obtain attorney-client confidential material to support an advice of counsel defense. The defense will discuss that effort and the need for a Rule 17(c) at the status conference. But it is unlikely that defense investigation will be completed by the scheduled trial date.

<u>Pretrial Motions and Trial Date</u>

All defendants anticipate filing a second motion to exclude time under the Speedy Trial Act and to continue the trial and associated deadlines. The parties will request that the Court set the deadlines for the filing of pretrial motions, motions in limine, expert disclosures, and motions challenging expert disclosures well in advance of the Final Pretrial Conference to allow the parties efficiently to prepare for trial in this complex case.

Respectfully submitted,

MATTHEW T. KIRSCH
ACTING UNITED STATES ATTORNEY

By: *s/ Anna Edgar*
Anna Edgar
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, CO 80202
Phone: (303) 454-0100
Fax: (303) 454-0402
E-mail: Anna.Edgar@usdoj.gov
Attorney for the United States

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of November, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record.

s/ *Amy McDaniel*
Amy McDaniel
Legal Assistant