**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Criminal Case No. 24-CR-00251-RMR

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. RONALD KING,
2. VICTOR ROITER,
3. TINA WELLMAN,
4. ADAM SHORR,
5. ROBERT O'SULLIVAN,
6. BRADLEY EDSON, and
7. JOHN GAUTEREAUX,

      Defendants.

---

**PROTECTIVE ORDER REGARDING CONFIDENTIAL INVESTIGATIVE INFORMATION**

---

THIS MATTER comes before the Court on the Government's Unopposed Motion for Protective Order as to Confidential Investigative Information. Pursuant to Federal Rule of Criminal Procedure 16(d)(1) and for good cause shown,

IT IS HEREBY ORDERED AS FOLLOWS:

1.      Items and information subject to this Order will be designated by the United States when produced to the defense as "Confidential Investigative Information."

2.      Confidential Investigative Information produced to Defendants in this case may be disclosed only to defense counsel and their staff and to the Defendants.

3.      Defense counsel and Defendants shall maintain the Confidential Investigative Information in strict confidence and may use the Information exclusively in connection with this case, and for no other purpose.

4.      Defense counsel and defendants are prohibited from disclosing the substance of any information included in the Confidential Investigative Information, including the identity of any cooperating witnesses disclosed therein, to any other person.

5.      Defense counsel must maintain the Confidential Investigative Information in their possession. Defense counsel shall provide the Defendant with access to review the Information, but defense counsel must store, hold, and control all copies of the Information and ensure that the Defendant does not retain any copies of the Information, or any notes made by the Defendant containing the Information.

6.      Counsel shall ensure that Defendants are provided a copy of and read this Order and understand its terms.

7.      If a document containing Confidential Investigative Information is filed with the Court, the filing party must file the document under seal, restricted at Level 3. The Clerk shall accept for filing as restricted any such filings by the parties without the filing of a separate motion to restrict.

8.      Upon entry of a final judgment in this case and the conclusion of any direct appeals, counsel (1) will ensure the destruction of the Confidential Investigative Information from all authorized persons to whom that information has been disclosed, and (2) defense counsel shall maintain any Confidential Investigative Information only as required by document

retention policies or professional legal obligations, and shall maintain any such information in a secure manner as part of the case file and for use only in connection with this case.

9.      If the United States determines that any discovery designated as Confidential Investigative Information no longer needs to be protected by the terms of this Order, the United States will so inform defense counsel in writing. At that time, the Information specified will be treated consistent with the general Protective Order in this case (doc. #83).

10.      The order does not constitute a ruling on the question of whether any particular material is discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.


DATED this 16th  day of January, 2025.

BY THE COURT:

_____
Hon. Regina M. Rodriguez
United States District Judge
District of Colorado